UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSHUA REILLY,

       Plaintiff,                              Hon. Janet T. Neff

v.                                                Case No. 1:09 CV 892

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

       Defendants.
_____/


## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant, Correctional Medical Services, Inc.'s Motion to Dismiss and/or for Summary Judgment. (Dkt. #24). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.


## BACKGROUND

Plaintiff, represented by counsel, brings the present action against several health care professionals (physicians and nurses), Correctional Medical Services, Inc. (CMS), and the Michigan Department of Corrections (MDOC). (Dkt. #9). Plaintiff asserts that while incarcerated he received negligent medical care in violation of his "constitutional rights as set forth by 42 U.S.C. 1983." Plaintiff also asserts state law medical malpractice claims. Defendant CMS now moves for dismissal of Plaintiff's claims and/or for summary judgment. Plaintiff has failed to respond to Defendant's motion.

## **STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See Bower v. Federal Exp. Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).

To prevail on a Rule 12(b)(6) motion, Defendant must demonstrate that it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. As the Supreme Court recently stated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 545. As the Court subsequently explained:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case,

and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008).

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving

party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record

contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**I.        State Law Claims**

In his amended complaint, Plaintiff does not assert that Defendants engaged in "medical malpractice," but instead asserts that they were "negligent" and engaged in "professional negligence." For the following reasons, the Court finds that Plaintiff's state claims are properly characterized as medical malpractice claims.

Under Michigan law, a plaintiff must satisfy certain requirements before advancing a claim for medical malpractice. For example, he must first provide the health professional or health facility with written notice of intent to file a medical malpractice action. *See* Mich. Comp. Laws § 600.2912b. The plaintiff in an action alleging medical malpractice must also file with his complaint an affidavit of merit executed by a health professional. *See* Mich. Comp. Laws § 600.2912d.

A plaintiff cannot avoid these requirements simply by labeling his medical malpractice claims as "negligence" claims. *See, e.g., Sibley v. Borgess Medical Center*, 2008 WL 2744618 at *3 (Mich. Ct. App., July 15, 2008) (citations omitted). To assess whether a plaintiff's claims of negligence are properly characterized as medical malpractice claims, the Court conducts a two-step inquiry. The Court first must determine whether the claim in question "pertains to an action that occurred within the

course of a professional relationship." *Bryant v. Oakpointe Villa Nursing Centre, Inc.*, 684 N.W.2d 864, 871 (Mich. 2004). The Court then determines whether the claim in question "raises questions of medical judgment beyond the realm of common knowledge and experience." If these questions are both answered in the affirmative, the claims are properly characterized as medical malpractice claims subject to the aforementioned requirements. *Id.* Failure to comply with these requirements requires the dismissal of the plaintiff's medical malpractice claims. *See Burton v. Reed City Hospital Corp.*, 691 N.W.2d 424, 429 (Mich. 2005).

With respect to the first question, a professional relationship exists "if a person or entity capable of committing medical malpractice was subject to a contractual duty to render professional health-care services to the plaintiff." *Kuznar v. Raksha Corp.*, 750 N.W.2d 121, 126 (Mich. 2008). Defendant CMS is capable of committing malpractice under Michigan law. *See* Mich. Comp. Laws § 600.5838a(1), 333.20106, 500.3501(f). Moreover, Defendant owed a duty to Plaintiff to provide him with professional health-care services. Plaintiff's negligence claims, therefore, "occurred within the course of a professional relationship." As for the latter question, Plaintiff claims that Defendants failed to properly diagnose and treat a facial impairment, later diagnosed as Ewing's Sarcoma. The Court finds that such allegations raise questions of medical judgment which lay "beyond the realm of common knowledge and experience."

The Court concludes, therefore, that Plaintiff's state law negligence claims against CMS are properly characterized as medical malpractice claims. This is an interpretation with which Plaintiff appears to agree, as he has submitted an affidavit of merit. While it is not clear whether Plaintiff provided CMS with prior written notice of his intent to file a medical malpractice action, Defendant has not alleged that Plaintiff failed to satisfy this requirement.

A further provision under Michigan law provides that if a defendant in a medical malpractice action files an unopposed affidavit "certifying that he or she was not involved, either directly or indirectly, in the occurrence alleged in the action," the court "shall order the dismissal of the claim, without prejudice, against the affiant." Mich. Comp. Laws § 600.2912c.

Plaintiff is presently pursuing in the United States District Court for the Eastern District of Michigan an action alleging medical malpractice against CMS and the same individuals that have been named as Defendants in the present action before this Court. *Reilly v. Vadlamudi*, case no. 2:09-cv-13832 (E.D. Mich.). Plaintiff's theory against CMS is identical in both cases, Plaintiff asserts that CMS is liable because the medical professionals who allegedly committed malpractice were acting as agents of CMS. The underlying factual allegations in both actions are identical.

In response, CMS submitted in the Eastern District case an affidavit that it was not involved in the matters giving rise to Plaintiff's action. *Reilly v. Vadlamudi*, case no. 2:09-cv-13832, dkt. #6 (E.D. Mich.). Specifically, the affidavit was executed by Joy Lloyd, the Senior Regional Vice President for Correctional Medical Services, Inc., who asserts that she is "responsible in part for affairs in Michigan." In her affidavit, Lloyd asserts that the individual medical professionals against whom Plaintiff's action is asserted were not employees, independent contractors, and/or agents of CMS during the dates in question. Lloyd further asserts that "CMS was not involved in the events, acts, or occurrences alleged in Plaintiff's Complaint." Plaintiff has not opposed this affidavit in the Eastern District Case. Defendant has submitted Joy Lloyd's affidavit to this Court in support of the present motion. Plaintiff has neither opposed this affidavit in this Court or even bothered to respond to the present motion to dismiss and/or for summary judgment.

Accordingly, in light of the authority discussed above, the undersigned recommends that Plaintiff's medical malpractice claims against Defendant CMS be dismissed without prejudice.

**II.        Federal Law Claims**

In his complaint, Plaintiff asserts that he has suffered a violation of his "constitutional rights as set forth by 42 U.S.C. 1983." With respect to Defendant CMS, Plaintiff's claims are, as previously noted, premised on the allegation that the medical professionals who allegedly committed malpractice were acting as agents of CMS.

CMS is not vicariously liable for the actions of its employees and, therefore, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)); *Street v. Corr. Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996); *Starcher v. Correctional Medical Systems, Inc.*, 7 Fed. Appx. 459, 465 (6th Cir., Mar. 26, 2001). To establish liability against CMS, Plaintiff must demonstrate that he suffered a violation of his federal rights "because of" a CMS policy, practice, or custom. *See Thomas*, 398 F.3d at 429.

To establish the existence of a policy, practice, or custom based on CMS' alleged failure to act, as is the case here, Plaintiff must demonstrate the following: (1) the existence of a "clear and persistent pattern" of illegal activity; (2) that CMS had notice or constructive notice of such; (3) that CMS tacitly approved of the illegal activity, such that "their deliberate indifference in their failure to act can be said to amount to an official policy of inaction" and (4) that the policy, practice, or custom in question was the "moving force" or "direct causal link" in the constitutional deprivation. *Id.* at 429 (quoting *Doe v. Claiborne County*, 103 F.3d 495, 508 (6th Cir. 1996)).

Plaintiff has not alleged that CMS had notice of, and tacitly approved, a pattern of illegal activity that was either the "moving force" or "direct causal link" in the constitutional deprivation he allegedly suffered. In short, the allegations in Plaintiff's amended complaint, even interpreted in a manner most favorable to Plaintiff, fail to satisfy any, let alone all, of the aforementioned requirements. Plaintiff has failed to allege "more than the mere possibility of misconduct," which as articulated above is insufficient to withstand challenge. *See Ashcroft v. Iqbal*, \_\_\_\_ U.S. \_\_\_\_, 129 S.Ct. at 1949. Accordingly, the undersigned recommends that Plaintiff's federal law claims against Defendant CMS be dismissed for failure to state a claim on which relief may be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant, Correctional Medical Services, Inc.'s Motion to Dismiss and/or for Summary Judgment</u>, (dkt. #24), be **granted**. Specifically, the undersigned recommends that (1) Plaintiff's state law medical malpractice claims against Defendant CMS be dismissed without prejudice; and (2) Plaintiff's federal law claims against Defendant CMS be dismissed for failure to state a claim on which relief may be granted.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 2, 2010 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge