UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA REILLY,

    Plaintiff,                                     Hon. Janet T. Neff

v.                                                   Case No. 1:09 CV 892

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Defendant, Michigan Department of Corrections' Motion for Summary Judgment</u>. (Dkt. #13). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted**.

## BACKGROUND

Plaintiff, represented by counsel, brings the present action against several health care professionals (physicians and nurses), Correctional Medical Services, Inc. (CMS), and the Michigan Department of Corrections (MDOC). (Dkt. #9). Plaintiff asserts that while incarcerated by the MDOC he received negligent medical care in violation of his "constitutional rights as set forth by 42 U.S.C. 1983." Plaintiff also asserts medical malpractice claims under state law. Defendant MDOC now moves for summary judgment.

## **STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative

evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, *see Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo*, 398 F.3d at 761, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no

reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

I.        **Federal Law Claims**

In his complaint, Plaintiff asserts that he has suffered a violation of his "constitutional rights as set forth by 42 U.S.C. 1983." The Court notes that 42 U.S.C. § 1983 is not an independent source of constitutional rights. *See, e.g., Cabaniss v. City of Riverside*, 231 Fed. Appx. 407, 412 (6th Cir., Apr. 6, 2007). It is, therefore, not accurate to assert that one has suffered a violation of his § 1983 constitutional rights. Rather, § 1983 "operates as a vehicle to assert violations of other constitutional rights." *Cabaniss*, 231 Fed. Appx. at 412 (citing *Graham v. Connor*, 490 U.S. 386, 393-94 (1989)). Accordingly, "in order to bring a § 1983 claim, a plaintiff must begin by identifying a violation of an existing constitutional right." *Cabaniss*, 231 Fed. Appx. at 412 (citing *Waters v. City of Morristown*, 242 F.3d 353, 358-59 (6th Cir. 2001)). Because Plaintiff has failed to identify any constitutional right that the MDOC has allegedly infringed, the undersigned recommends that the MDOC's motion be granted as to Plaintiff's federal law claim that his § 1983 rights were violated.

Alternatively, even if Plaintiff had alleged the violation of a constitutional right by the MDOC, the result is the same. The MDOC is not a person under 42 U.S.C. § 1983 and, furthermore, enjoys immunity from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*,

491 U.S. 58, 66 (1989); *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 654 n.8 (6th Cir. 2007). Accordingly, the Court recommends that Plaintiff's federal law claims against the MDOC be dismissed.

**II.       State Law Claims**

Plaintiff also asserts that Defendants' conduct violated Michigan law. While Plaintiff alleges that Defendants were "negligent" and engaged in "professional negligence," such claims are properly considered medical malpractice claims. *See Sibley v. Borgess Medical Center*, 2008 WL 2744618 at *3 (Mich. Ct. App., July 15, 2008); *Bryant v. Oakpointe Villa Nursing Centre, Inc.*, 684 N.W.2d 864, 871 (Mich. 2004); *Burton v. Reed City Hospital Corp.*, 691 N.W.2d 424, 429 (Mich. 2005); *Kuznar v. Raksha Corp.*, 750 N.W.2d 121, 126 (Mich. 2008). Regardless whether Plaintiff's state law claims are characterized as negligence or medical malpractice claims, Defendant MDOC asserts that it enjoys immunity from Plaintiff's state law claims. The Court agrees.

Under Michigan law, a governmental agency "enjoys immunity so long as it is engaged in a governmental function and the activity does not fall in one of the enumerated exceptions." *Siddock v. Grand Trunk Western Railroad, Inc.*, 556 F.Supp.2d 731, 736 (W.D. Mich. 2008) (citing *Ross v. Consumers Power Co.*, 363 N.W.2d 641 (Mich. 1984)). A "governmental function" includes those activities "expressly or impliedly authorized by law." *Siddock*, 556 F.Supp.2d at 736 (citing Mich. Comp. Laws § 691.1401(f)). The definition of "governmental function" is "broad and encompasses most of the activities performed by governmental agencies." *Siddock*, 556 F.Supp.2d at 736 (citing *Ross*, 363 N.W.2d 641). The Michigan Supreme Court has held that "because governmental immunity is a characteristic of government," a plaintiff "must plead her case in avoidance of immunity." *Siddock*,

556 F.Supp.2d at 736 (citing *Mack v. City of Detroit*, 649 N.W.2d 47 (Mich. 2002)). The *Siddock* court further observed that:

> A plaintiff pleads in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate that the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function.

*Siddock*, 556 F.Supp.2d at 736 (citing *Mack*, 649 N.W.2d 47).

While Plaintiff has identified the MDOC as a defendant in his complaint's caption, his complaint contains absolutely no allegations against the MDOC. In fact, the body of Plaintiff's complaint does not even make mention of the MDOC. The Court recommends, therefore, that Defendant MDOC is entitled to governmental immunity as to Plaintiff's state law claims.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant, Michigan Department of Corrections' Motion for Summary Judgment</u>, (dkt. #13), be **granted** and Plaintiff's claims against the MDOC be **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: June 2, 2010

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge